NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YELSIN MAGDIEL-SILVESTREROS,
AKA Yelsin Magdiel Silvestre Ros,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-70345

Agency No. A206-469-803

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**
Pasadena, California

Before: COLLINS and BRESS, Circuit Judges, and DONATO,*** District Judge.

---

   *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   ***    The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

Petitioner,[1] a native and citizen of Guatemala, seeks review of a Board of Immigration Appeals ("BIA") decision denying his renewed motion to terminate proceedings and dismissing his appeal of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the agency's legal determinations de novo. *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024). We otherwise review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[2]

1. The government did not violate 8 U.S.C. § 1225(b)(1)(A)(ii) or Petitioner's due process rights by placing Petitioner directly into standard removal proceedings without first granting him a credible fear interview under the expedited removal

---

[1] Although the agency materials refer to Petitioner as "Yelsin Magdiel-Silvestreros," his birth certificate indicates that his actual name is "Yelsin Magdiel Silvestre Ros."

[2] Petitioner also argues that the immigration court lacked jurisdiction because his notice to appear lacked a time and date. Since the opening brief was filed in this case in 2021, this court has clarified that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

provisions. "The government has discretion to place noncitizens in standard removal proceedings even if the expedited removal statute could be applied to them." *Flores v. Barr*, 934 F.3d 910, 916 (9th Cir. 2019). Regardless, Petitioner suffered no prejudice. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (explaining that an applicant needs to demonstrate prejudice to succeed on a due process challenge in the immigration context). The best outcome of a credible fear interview is referral to an IJ for standard removal proceedings. *See* 8 C.F.R. § 208.30(f)–(g). Petitioner received that process after the government routed him to standard removal proceedings.

2. Substantial evidence supports the agency's denial of Petitioner's applications for asylum and withholding of removal. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Id.* at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). Here, the record does not compel the conclusion that Petitioner experienced harm rising to the level of persecution. Petitioner testified that people in his town threw rocks at him when he was a child because he spoke Popti, and he

experienced a death threat at one point (although the details of this incident are limited). While these were unfortunate incidents of discrimination and harassment, they do not rise to the "extreme" level of persecution. *See id.* And contrary to Petitioner's argument, the BIA considered his young age at the time of some of these incidents.

With respect to Petitioner's fear of future persecution, "'[a]n applicant does not have a well-founded fear of future persecution if the applicant could avoid persecution by relocating to another part of the applicant's country,' unless doing so would be unreasonable under the applicant's circumstances." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.13(b)(2)(ii)) (alterations omitted). Absent a finding of past persecution, "there shall be a presumption that internal relocation would be reasonable unless the applicant establishes, by a preponderance of the evidence, that it would be unreasonable to relocate." 8 C.F.R. § 1208.13(b)(3)(iii). In this case, substantial evidence supports the agency's finding that Petitioner failed to demonstrate that internal relocation would be unreasonable. Petitioner's daughter and her daughter's mother (who also speaks Popti) still live safely within the same town that he fled from. Moreover, Petitioner knew "of some Popti speakers who relocated to other parts of Guatemala, including family members." Yet he could not testify as to how they were treated. While Petitioner argues that the agency improperly counted his lack of knowledge against him, it was

his burden to establish that relocation within Guatemala would be unreasonable. *Duran-Rodriguez*, 918 F.3d at 1029.

Because Petitioner "has not met the lesser burden of establishing his eligibility for asylum, he necessarily has failed to meet the more stringent" standard for withholding of removal. *Sharma*, 9 F.4th at 1066 (quoting *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001)).

3. Substantial evidence supports the denial of CAT relief. To determine whether an applicant is entitled to CAT relief, we consider "whether the alien is more likely than not to be tortured in the country of removal." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(4)). "To constitute torture, an act must inflict severe pain or suffering, and it must be undertaken at the instigation of, or with the consent or acquiescence of, a public official." *Andrade*, 94 F.4th at 914 (quotation marks and citation omitted). "[T]he existence of past torture 'is ordinarily the principal factor on which we rely.'" *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005)). Petitioner did not show that he was previously tortured by the Guatemalan government or by a private actor with the acquiescence of a Guatemalan official. Nor is there any evidence indicating that he would be subject to torture if he is removed to Guatemala.

**PETITION DENIED.**

21-70345